# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

|  |  |
|---|---|
| ALVIN L. JONES, SR., | ) |
| | ) |
| Plaintiff, | )   Case No. 7:20CV00406 |
| | ) |
| v. | )   **OPINION** |
| | ) |
| ROANOKE CITY SHERIFF OFFICE, | )   By:  James P. Jones |
| | )   United States District Judge |
| Defendant. | ) |

*Alvin L. Jones, Sr., Pro Se Plaintiff.*

The plaintiff, Alvin A. Jones, Sr., a Virginia inmate proceeding pro se, filed a pleading that the court construed and conditionally filed as a civil rights action pursuant to 42 U.S.C. § 1983. Jones did not object to the court's construction of his submission as a § 1983 complaint and has complied with financial requirements to proceed without prepayment of the filing costs, pursuant to 28 U.S.C. § 1915. After review of the Complaint, I conclude that this action must be summarily dismissed.

Jones alleges that on January 5 or 6, 2020, while he was incarcerated at the Roanoke City Jail, his "arm was caught and injured in a moving gate/door operated by C/O Elmore." Compl. 1, ECF No. 1. More specifically, Jones alleges:

> C/O Elmore upon returning an inmate to his cell #6, C/O Elmore opened cell #5 while my arms were in the bars of the door, whether he intended to open #6, but the door to my cell #5 opened and pinned/Jammed/Wrentched [sic] my left arm until I couldn't move it out of the way, trapping my arm until I pulled it free. C/O Elmore

>  admitted fault several days and times, even to medical personnel and co-workers as he filed an incident report.

*Id.* Attachments to the Complaint indicate that an X ray of Jones's left arm on January 7, 2020, reflected no fracture of the arm. On January 10, 2020, Jones filed a written request to the medical staff, complaining of continued pain and tingling in that arm. He was scheduled for an additional medical evaluation, with unspecified results. As relief in this § 1983 action, Jones seeks monetary damages.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a *person* for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Jones names only one defendant in this case: the "Roanoke City Sheriff's Office." Compl. 1, ECF No. 1. A local jail or office building, however, cannot qualify as a *person* subject to being sued under § 1983. *See, e.g., Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights") (internal quotation marks, alterations, and

citation omitted); *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983" and thus "lacks the capacity to be sued as a jail."). Because Jones's § 1983 claims cannot proceed against the only defendant he has named, I will summarily dismiss the action without prejudice under 42 U.S.C. § 1997e(c)(1) for failure to state a claim. An appropriate order will enter this day. Such a dismissal leaves Jones free to refile his claims in a new and separate civil action if he can correct the deficiencies described in this opinion.[1]

DATED:   November 6, 2020

/s/  JAMES P. JONES
United States District Judge

---

[1] The possibility of amending and resubmitting the claims in a new and separate civil action should not be taken as a finding that Jones's allegations might state a proper § 1983 claim against some person employed at the jail. The Eighth Amendment prohibition against cruel and unusual punishment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment" so as to violate an inmate's constitutional rights. *Farmer v. Brennan*, 511 U.S. 825, 838 (1994). In other words, an official's merely negligent action or inaction that causes injury is not sufficient to give rise to a constitutional claim and, accordingly, is not actionable under § 1983. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections) (citations omitted).

While I sympathize with Jones, he has stated no facts suggesting that anyone deprived him of his constitutional rights. At the most, his allegations indicate that Officer Elmore unintentionally opened the wrong cell door, causing an injury to Jones's arm by mistake. Such a negligent act does not expose a jail official to liability under § 1983.